## Case No. 16,495.

### UNITED STATES v. THREE BALES OF CLOTH.

[1 Betts, D. C. MS. 39.]

District Court, S. D. New York.   1840.

CUSTOMS DUTIES—ILLEGAL SEIZURES—"PROBABLE CAUSE"—CERTIFICATE OF PROTECTION TO COLLECTOR.

[1. "Probable cause" and "reasonable cause," to which the judge is to certify, under the collection laws (Act 1739, §§ 71, 89 [1 Stat. 627], and Act 1807, § 1 [2 Stat. 411]), in order to exempt the collector from prosecution for an illegal seizure, means not prima facie evidence,

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

but less than evidence which would justify condemnation. It imports a seizure under circumstances warranting suspicion.]

[2. The fact that the public appraisers, on the valuation of two merchant appraisers, reported to the collector that certain goods were invoiced 19 per cent. below their market value, afforded, of itself, reasonable ground of suspicion that the invoice was false; and, under such circumstances, the collector is entitled to a certificate of protection.]

PER CURIAM. Probable cause, under the collection laws, to which the judge is to certify in order to hold the collector exempt from prosecution for an illegal seizure, means not prima facie evidence, but less than evidence which would justify condemnation. It imports a seizure made under circumstances which warrant suspicion. U. S. v. Locke, 7 Cranch [11 U. S.] 339. What constitutes probable cause is, when the facts are ascertained, a question of law. U. S. v. Gay [Case No. 15,193]. A doubt concerning the construction of the law may be good ground for seizure, and justify a certificate of probable cause. U. S. v. Riddle, 5 Cranch [9 U. S.] 311. The act of February 24, 1807 (section 1), directs that, if it shall appear to the court before whom a prosecution shall be tried, on account of the seizure of any vessel, goods, etc., made by a collector, that there was a reasonable cause of seizure, the court shall order a proper certificate or entry to be made thereof, etc. The few rules before cited indicate with sufficient distinctness the manner in which the duty so imposed upon the judge is to be performed.

The term "reasonable cause," used in the act of 1807 and section 89 of that of 1799, may not be exactly correlative with "probable cause" employed in the 71st section of the act of 1799. That has not been yet the subject of judicial interpretation, at least by the supreme court; but, whatever may be its legitimate import, there can be no foundation for claiming that more is exacted by it than under the latter expression. Whatever could, in a legal sense, supply a probable cause of procedure, could not be less than a reasonable one therefor; and, accordingly, if it is considered that the facts and circumstances in view of the collector amounted to a probable cause for arresting these goods, and submitting the question of their liability to forfeiture to the decision of a court and jury, he is entitled to the certificate appointed by the statute as his protection from prosecution for such act.

The fact upon which the seizure is rested is that the public appraisers, on the valuation of two merchant appraisers, reported to the collector the goods to be invoiced 19 per cent. below their fair market value. If upon that proof alone the jury had condemned the goods, could the court rightfully set aside the verdict as without evidence to support it? I apprehend not. On the contrary, I should consider any court would be bound to say the circumstances, without explanation on the part of the owner, would warrant a suspicion of an intentional misstatement of value. It is most true on the trial the owner was enabled to clear his importation of all suspicion, and without resorting to the direct proofs obtained abroad. As to the verity of his invoice, this was, in a good degree, affected by the more close examination of the merchant appraisers. It is not, however, correct, as urged by the claimant's counsel, that the collector is to be held cognizant of all these appraisers knew and could say. There is no official intercourse between them, nor is it necessary there should be a personal one, or even an acquaintance with each other. The collector designates the merchant who is to be called in, and he appears, and is sworn upon the summons, and the goods are then submitted to his inspection, and he makes up his written report. The court cannot intend any other communication from the appraiser to the collector than what is exhibited upon such report.[a]

The claimant offers to prove, and the district attorney admits the fact may be so, that goods in other importations were frequently admitted to entry by the collector, though raised by appraisement more than 19 per cent. above their invoices. If such fact was coupled with evidence of personal ill will towards the claimant, or favor to those whose goods were admitted, it might go far to take away the claim to a certificate.

The law will tolerate no favoritism in the execution of this high official trust, much less any invidious or malicious disparagements or impediments placed in the way of an importer. The two acts, however pointed the contrast between them, do not involve such conclusion. Should the collector omit to seize when his duty plainly enjoined it upon him, through negligence or corruption, such official default could never be urged as a bar to his proceeding in a case properly justifying a seizure. His omitting to act may be a high dereliction of duty, yet if his not seizing in one class of cases prevents his seizing in others under similar circumstances, the unfaithfulness of an officer in one instance would go to interdict the just execution of the law in all others of like character. This is not so, neither in respect to the right of the seizure, nor in regard to the application of the officer for a protection certificate. Whether he is to have such certificate must, as a general rule, depend solely upon the import of the facts and circumstances before him at the time the seizure is made, and be accordingly dependent upon the character of that specific act. Considering, then, the collector as proceeding solely upon the evidence before him that this entry was 19 per cent. below the market value or cost of the goods abroad, I think that fact afforded reasonable ground of suspicion that the invoice was false, and made up for the purpose of evading the payment of duties.

The certificate will be entered accordingly.